UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CR 5:24-00133-JAK | Date | December 30, 2025 |
| Title | U.S.A. v. Michael Gregory Baca | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| M. Lindaya | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT MICHAEL GREGORY BACA'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29(a) NOTWITHSTANDING THE CONVICTION (DKT. 167)**

## I. Introduction

Michael Gregory Baca ("Defendant") was charged through a single-count Indictment with a violation of 18 U.S.C. §§ 111(a)(1), (b), assault on a federal officer resulting in bodily injury. Dkt. 1. On May 13, 2025, a jury trial proceeded. Dkts. 70, 71, 73, 74. On May 16, 2025, after the jury could not reach a unanimous verdict, the Court declared a mistrial. Dkt. 74.

On October 21, 2025, a four-day retrial commenced. Dkts. 162, 163, 166, 176. On October 24, 2025, the jury returned a verdict of guilty. Dkt. 171. On October 31, 2025, Defendant filed a Motion for Judgment of Acquittal Pursuant to Fed. R. Crim. P. 29(a) ("Motion"). Dkt. 167. On November 7, 2025, the Government filed an opposition to the Motion ("Opposition"). Dkt. 168.

For the reasons stated in this Order, the Motion is **DENIED**.

## II. Analysis

### A. Legal Standards

#### 1. Rule 29

Federal Rule of Criminal Procedure 29 provides that, after a jury guilty verdict, a "court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). "Courts reviewing a motion for judgment of acquittal under Rule 29(c) apply the same test as they do in evaluating a challenge to the sufficiency of the evidence." *United States v. Richardson*, No. 19-CR-00182, 2021 WL 4459363, at *1 (C.D. Cal. Sept. 29, 2021) (citing *United States v. Ladum*, 141 F.3d 1328, 1337 (9th Cir. 1988)). Fed. R. Crim. P. 29(a) provides that the entry of a judgment of acquittal is appropriate only "if the evidence is insufficient to sustain a conviction." *United States v. Tisor*, 96 F.3d 370, 379 n.5 (9th Cir. 1996).

"The hurdle to overturn a jury's conviction based on a sufficiency of the evidence challenge is high."

*United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010). Under the applicable standards, a motion is to be granted only when, viewing the evidence in the light most favorable to the Government and drawing all reasonable inferences in its favor, it is shown that no reasonable juror could find the defendant guilty beyond a reasonable doubt. *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063 (9th Cir. 2002). "[I]n a case involving factual disputes and credibility determinations," the court is to " 'presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010)).

2. <u>18 U.S.C. § 111(a)(1), (b)</u>

18 U.S.C. § 111(a)(1) provides that a person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties" be fined and/or imprisoned for not more than one or eight years, depending on whether the act constitutes "simple assault" or "involve[s] physical contact with the victim of that assault or the intent to commit another felony," respectively. 18 U.S.C. § 111(b) imposes an enhanced penalty of a fine and/or imprisonment for not more than 20 years if the act was either committed with a deadly or dangerous weapon or inflicted bodily injury.

To prove that a person committed assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b), the Government must establish three elements beyond a reasonable doubt: (1) the defendant forcibly assaulted a federal officer; (2) at the time of the assault, the officer had been engaged in the performance of his or her official duties; and (3) the assault was either committed with a deadly or dangerous weapon or resulted in bodily injury. *See United States v. Gonzalez-Hernandez*, 657 F. App'x 658, 660 (9th Cir. 2016); *United States v. Juv. Female*, 566 F.3d 943, 947-48 (9th Cir. 2009). "Only general intent is required, not the specific intent to injure." *Gonzalez-Hernandez*, 657 F. App'x at 660 (citing *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir. 1990)).

B. Application

As noted, Defendant was charged with one count of violating 18 U.S.C. § 111(a)(1), (b). Dkt. 1. A review of the trial evidence shows that it was sufficient to provide a reasonable basis for a rational juror to conclude beyond a reasonable doubt that the Government proved all three elements of the charged offense.

1. <u>Forcible Assault</u>

"Forcible assault" occurs "when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." Ninth Circuit Model Criminal Jury Instructions, 8.2 (2022 ed.).

At trial, it was undisputed that Defendant struck T.V. However, Defendant claimed that, because his action was not intentional, he lacked the requisite *mens rea* element of the crime. Assault under § 111 requires only general intent. *United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989). Therefore, Defendant's act of striking T.V. must only have been voluntary for the *mens rea* requirement to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CR 5:24-00133-JAK | Date | December 30, 2025 |
| Title | U.S.A. v. Michael Gregory Baca | | |

satisfied. *See United States v. Garcia-Camacho*, 122 F.3d 1265, 1268 (9th Cir. 1997) (assault on a federal officer in violation of 18 U.S.C. § 111 is a general intent crime and, "because '[t]he law will presume that a person intended the natural and probable consequences of his voluntary acts,' " the defendant could be held accountable for the bodily injury the officer incurred as a result of the assault) (internal citations omitted).

In support of its position that Defendant's actions were voluntary, the Government presented an audio recording of Defendant's telephone call with a significant other, which occurred after the incident. During that call Defendant described the circumstances that led to his striking T.V. He stated that he "just lost my temper." The Government also presented an audio recording of Defendant describing the incident to F.B.I. agent Martinez. At that time Defendant said he "turned around and just hit [T.V.]." It also showed surveillance footage of the Defendant striking T.V. A percipient witness, E.D.L., described watching Defendant "cock[] his hand back as he was trying to generate some force" when striking T.V.

Defendant testified that the strike was "just a reaction" and a "reflex," and that he "didn't mean to hit [T.V.]." A reasonable juror, after considering this contrary explanation, is not required to believe it if the juror is not persuaded or he does not find it convincing or persuasive. *See Jones v. Wood*, 207 F.3d 557, 564 (9th Cir. 2000) ("A key question for a jury, however, is the witnesses' credibility, and the ultimate determination of guilt or innocence after a fair trial is to be made by the jurors."). In light of the surveillance video of the incident, audio exhibits, and witness testimony, a reasonable juror could have concluded that Defendant intentionally struck T.V., thereby rejecting Defendant's alternative contention. Therefore, the first element of the offense is met.

2. Officer Engaged in Performance of Official Duties

The test for whether T.V. was engaged in the performance of his official duties is "whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own." *United States v. Ornelas*, 906 F.3d 1138, 1149 (9th Cir. 2018); *see also United States v. Juvenile Female*, 566 F.3d 943, 950 (9th Cir. 2009) (describing official duties test as "whether [the officer] is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own").

T.V. testified that, at the time of the incident, he was working a shift as Acting Activities Lieutenant of the correctional facility where Defendant was incarcerated, and he was wearing his work uniform. Prior to the incident with T.V., Defendant had just passed through a security checkpoint and had undergone a pat-down performed by two other correctional officers. T.V. testified that Defendant did not initially comply with the instructions of the other officers, and that as Defendant was walking away, he muttered curse words at the officers. T.V. testified that it was a part of his job to ensure safety and security of the prison, and that this role included "counsel[ing] inmates on negative behavior." He testified that, consistent with these responsibilities, he instructed Defendant to go to the lieutenant's office, and began walking behind Defendant as he proceeded in that direction. T.V. testified that the next conscious memory he had was waking up in an ambulance with bleeding from his head.

Defendant testified that he had a dispute with another officer, Officer E.D.L., about the monitoring of Defendant's mail, when T.V. had called him over after he passed through the checkpoint. Defendant testified that T.V. put a hand on Defendant's back, and that T.V. called Defendant "a bitch."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CR 5:24-00133-JAK | Date | December 30, 2025 |
| Title | U.S.A. v. Michael Gregory Baca | | |

A reasonable juror could have concluded that, under the circumstances and despite what T.V. may have said to Defendant, T.V. was "acting within the scope of his employment" rather than "engaging in a personal frolic of his own" when he interacted with Defendant following Defendant's dispute with Officer E.D.L. Accordingly, the second element of the offense is met.

3. Resulting Injury

At trial, the Government presented post-incident photographs of T.V.'s head and lip each of which was bloody. Dr. Jean Lo, who treated T.V. at the emergency room of Loma Linda University Medical Center, testified that she reviewed medical records from the day of the incident, and that they stated that T.V. experienced internal brain bleeding and a loss of consciousness following the incident. No evidence was presented that these injuries were caused by something other than Defendant's striking of T.V. Accordingly, there was sufficient evidence for a reasonable juror to find that the third element was satisfied.

## III. Conclusion

Viewing the evidence in the light most favorable to the prosecution, Defendant's Rule 29 Motion for Acquittal does not meet the applicable standards. A rational trier of fact could have found, beyond a reasonable doubt, that based on the trial evidence all three essential elements of 18 U.S.C. §§ 111(a)(1), (b) were satisfied. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

________ : ________

Initials of Preparer LC1